**KROLL ASSOCIATES, a Delaware corporation, Plaintiff,**

v.

**The CITY AND COUNTY OF HONOLULU, Keith M. Kaneshiro, Arnold T. Morgado, Jr., Russell W. Miyake and Frank F. Fasi, Defendants.**

Civ. No. 92–00150 DAE.

United States District Court, D. Hawai'i.

Aug. 13, 1993.

Phillip A. Li, Jared H. Jossem, Matt A. Tsukazaki, Torkildson Katz Jossem Fonseca Jaffe & Moore, Honolulu, HI, for Kroll Associates.

Ronald B. Mun, Michael N. Tanoue, Corp. Counsel, Thomas Tsuchiyama, Clyde Wm. Matsui, Kevin P.H. Sumida, Gary W.B.

Chang, Matsui Chung & Sumida, Honolulu, HI, for City and County of Honolulu.

Ronald B. Mun, Michael N. Tanoue, Thomas Tsuchiyama, Randall Y.S. Chung, Clyde Wm. Matsui, Kevin P.H. Sumida, Paul M. Saito, Daryl M. Arakaki, Gary W.B. Chang, Matsui Chung & Sumida, Janis L. Turner, Honolulu, HI, for Russell W. Miyake, Frank F. Fasi.

## ORDER OF SANCTIONS

DAVID ALAN EZRA, District Judge.

This matter comes before the court on the court's order to show cause why attorney Kevin Sumida should not be sanctioned for failing to abide by the Local Rules. Having heard argument from counsel on August 1, 1993, the court finds as follows:

1. In May 1993, Sumida, on behalf of defendants, filed a motion for reconsideration almost three months after the court entered the order sought to be amended, although it was required to be filed within ten days. *See* Local Rule 220–10. In addition, Sumida's affidavit in support of the motion was not based on personal knowledge, the reply brief exceeded the 15–page limitation, and Sumida filed a supplemental affidavit without the court's permission. Sumida conceded that these were all violations of the Local Rules.

2. Sumida had previously been warned that he must comply with the Local Rules. In September 1992, Sumida filed a late opposition to plaintiff's motion for leave to file an amended complaint. At that time Magistrate Judge Barry M. Kurren warned Sumida that disregarding the Local Rules would not be tolerated. In October 1992, Sumida filed a late opposition to plaintiff's motion for partial summary judgment and a late reply memorandum to defendants' motion for summary judgment. This court accepted the late papers, but sanctioned Sumida $500.00 for ignoring the Local Rules.

3. Although Sumida has again violated the Local Rules, the court finds that his violations were due to negligence and were not designed for tactical advantage.

Therefore, the court HEREBY ORDERS Kevin Sumida to perform 100 hours of law-related community service, designed to further the interests of justice, to be completed within one year from the date of this order.

The court FURTHER ORDERS Mr. Sumida to begin his community service within 30 days of this order.

The court FURTHER ORDERS Mr. Sumida to submit a plan, within ten days of this order, for how he will perform his 100 hours of community service.

IT IS SO ORDERED.